UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | 6:06-cr-00992-GRA; |
| | ) | 6:09-cv-70037-GRA |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Leroy A. Lane, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. On April 3, 2009, the Movant, Leroy Lane filed a motion to vacate his conviction under 28 U.S.C. § 2255 for ineffective assistance of counsel. Lane alleged that his attorney should have objected both to the inclusion of both his prior and present offenses when determining him subject to mandatory life imprisonment under 18 U.S.C.A. § 3559(c). On April 10, 2009, this Court filed an Order reaffirming the inclusion of Lane's prior offenses in the calculation of his sentence. However, in this Order, the Court also directed the Government to respond to Lane's contention that his most recent bank robbery offense should not be counted as a serious violent felony under § 3559. The Government responded on May 8, 2009. Additionally, Lane filed a motion for discovery on April 29, 2009. On June 1, 2009, the respondent supplemented his pleadings with an argument that the government failed to prove that the stolen money was insured by the FDIC.

Movant brings this claim *pro se.* This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Facts

Lane was indicted on September 14, 2006 in the District of South Carolina for robbing a bank in violation of 18 U.S.C. § 2113(a). On April 2, 2007, the Government notified the him that he was subject to an increased penalty provided by Title 18, United States Code, Section 3559(c), of mandatory life imprisonment, based upon any two of his three convictions for serious violent felonies.

The first of the Lane's qualifying convictions was a common law robbery during which the petitioner used a .22 caliber pistol to steal a cigarette lighter. The Lane was sentenced to his second set of qualifying convictions on October 27, 1982. On October 27, 1982, Lane was sentenced for Common Law robbery when he pointed a pistol at a Lil' Cricket clerk and demanded money and for using a pistol to rob Fast Fare # 344. Finally, Lane was sentenced on April 5, 1993 for two counts of Bank Robbery. The first of these robberies occurred on October 12, 1992, when Lane entered the First Union National Bank in Spartanburg, South Carolina laid a note down that said "I have a gun! Empty the drawer" and escaped with $2,210.00. The second of these robberies occurred on October 19, 1992,when Lane returned to the same

bank and stole $9,370.98. During this robbery, he made numerous demands for money and threats that he would shoot or kill everyone.

On August 13, 2007, this Court sentenced the Lane to life imprisonment. Lane appealed this judgement on August 15, 2007. On April 21, 2008, Fourth Circuit affirmed the petitioner's conviction in an opinion which took effect on May 13, 2008.

A.

Lane first argues that his counsel was ineffective for failing to object to the imposition of his life term of imprisonment under § 3559. Lane argues that his counsel should have objected to the imposition of a life term of imprisonment, because the Government failed demonstrate the existence of a firearm. Lane notes that none of the witnesses produced by the government actually saw the firearm. However, this argument provides an insufficient basis to sustain his ineffective assistance of counsel claim.

Section 3559 operates as the federal "three-strikes" sentencing provision. Under § 3559, an individual who is convicted of a "serious violent felony" and who has previously been convicted, on separate occasions, of two or more other "serious violent felonies" is subject to a mandatory life sentence. 18 U.S.C. § 3559(c)(1)(A)(I). However, there exists a "safety valve provision" providing that some crimes that would otherwise qualify as "serious violent felonies" may be removed from consideration under Section 3559 if the defendant establishes, by "clear and convincing evidence," the existence of certain mitigating circumstances. *See* 18

U.S.C. § 3559 (c)(3); *see also United States v. Thompson*, 554 F.3d 450, 452 n.2 (4th Cir. 2009)(explaining the distinction between a safety valve and an affirmative defense and choosing to interpret § 3559(c)(3) as a safety valve). Under the safety valve provision, a robbery conviction under §2113(a) is deemed not to constitute a serious violent felony if the defendant establishes by clear and convincing evidence that–

> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
> (ii) the offense did not result in death or serious bodily injury (as defined in [18 U.S.C.] 1365) to any person.

18 U.S.C. § 3559(c)(3)(A).

It is important to note, that § 3559(c)(3) does not create an additional burden of proof for the Government. Instead, the burden is on the defendant to establish by clear and convincing evidence that he did not use a firearm in the commission of the offense.

Lane argues that his counsel was ineffective for failing to argue that his most recent bank robbery should fall under the safety valve provision. Generally, "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. In order to establish a valid claim for ineffective assistance of counsel, "A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."

*Id.* at 687, 104 S.Ct. 2052.  As applied to § 3559, a petitioner claiming ineffective assistance of counsel must demonstrate that a firearm was not used in the commission of the offense in order to establish some form of prejudice.  Thus, Lane's argument that the government failed to prove he used a firearm is without merit.

Second, the fact that a witness did not see a firearm used does not automatically trigger the safety valve provision.  Lane was convicted of a robbery that took place on August 24, 2006.  At approximately 3:10 pm, Lane entered the First Citizens Bank in Mauldin, South Carolina  wearing a ski mask and dark clothing. After telling a customer in the bank to step back from the counter, he approached a teller and demanded loudly, "Give me all your money."  The teller described Lane's demeanor as aggressive. The teller complied, giving him all the money from her drawer and kneeling underneath her workstation. Lane had told other people in the bank to get on the floor.  These facts are consistent with a finding that a firearm, or threat of a firearm was used in the commission of the offense and Lane has failed to present any evidence suggesting otherwise.

Moreover, the fact that some of the witnesses testified that they did not see a firearm is insufficient, standing alone, to take advantage of the safety  valve provision. As the Fourth Circuit has made clear, the threat of a firearm prevents a defendant from utilizing the § 3559 (c)(3) safety valve regardless of whether a weapon was actually employed. *Thompson*, 554 F.3d at 452-54.   Accordingly, this objection is without merit and Lane's petition must be denied.

B.

Second, Lane's claim that the Government failed to prove that the money stolen was FDIC insured is without merit. At trial, the FDIC insurance certificate was introduced into evidence. Tr. 35:3-35:16 (April 30, 2007). Additionally, a bank employee, Carolyn Rumfelt, testified that the bank was FDIC insured. Tr. 35:16-18 (April 30, 2007). Accordingly, this objection is entirely without merit.

C.

Finally, Lane's request for discovery must be denied. Lane seeks a copy of trial exhibit #13. He does explain why he needs this exhibit. Under Rule 6(a) of the Rules Governing Section 2255 Actions, a petitioner must show good cause before the Court will provide him with discovery. Good cause" requires specificity as to the information sought, and a party must make at least a preliminary showing that requested documents contain exculpatory or impeaching information in order to compel production." *Hall v. United States*, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998). Accordingly, the petitioner's request for discovery is denied.

Based on the foregoing, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is DENIED, the government's Motion for Summary Judgement is GRANTED, and the petitioner's request for discovery is DENIED.

IT IS SO ORDERED.

                                                                 G. ROSS ANDERSON, JR.
                                                                 UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 2, 2009

## NOTICE OF RIGHT TO APPEAL

      Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.