# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Leroy Augustus Lane, ) | |
| ) | Criminal Action No.: 6:06-cr-00992-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner Leroy Augustus Lane's ("Petitioner") motion seeking relief pursuant to 28 U.S.C. § 2255 due to alleged ineffective assistance of counsel. (ECF No. 186.) Respondent United States of America ("Respondent") opposes Petitioner's motion arguing that Petitioner failed to satisfy his burden to prove that his counsel's alleged deficiencies were prejudicial to the outcome of the proceeding. (ECF No. 192.) Moreover, Respondent argues that Petitioner's counsel provided effective assistance when he argued that Petitioner's criminal history was overstated, Petitioner was labeled incorrectly as a career criminal, and Petitioner should be considered for a lower sentence of one hundred twenty (120) months imprisonment. (ECF No. 192 at 5-7.) For the reasons set forth below, the court **DENIES** Petitioner's motion.

## FACTUAL AND PROCEDURAL HISTORY

On September 14, 2006, a grand jury indicted Petitioner for bank robbery, in violation of 18 U.S.C. § 2113(a). Petitioner had previously been convicted of three separate offenses for

common law robbery (January 30, 1981; October 27, 1982; October 27, 1982[1]), and two separate offenses of bank robbery (April 5, 1993; June 8, 1993).

As a result of Petitioner's convictions for these other serious violent felonies, Respondent served Petitioner with notice that he was subject to enhanced penalties up to and including life imprisonment. (ECF No. 46.) Petitioner's trial for the instant offense was held on April 30, 2007. On May 1, 2007, the jury found Petitioner guilty of bank robbery. Petitioner's pre-sentence investigation report reflects that he was facing a mandatory life sentence. (ECF No. 63 at ¶ 51.) Petitioner was also classified as a career offender. (ECF No. 63 at ¶ 32.) On August 13, 2007, Petitioner was sentenced to a term of life imprisonment. (ECF No. 71.)

Petitioner timely appealed his conviction, which the United States Court of Appeals for the Fourth Circuit affirmed on May 13, 2008. (ECF No. 92.) Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, which was denied by the district court. (ECF Nos. 110, 111.) Petitioner appealed that order and the Fourth Circuit vacated Petitioner's sentence and remanded the case to the district court for resentencing. (ECF No. 129.) Petitioner was resentenced to a term of 240 months imprisonment on January 4, 2011. (ECF No. 136.) Thereafter, Petitioner again appealed his sentence and his sentence was again vacated and remanded for further proceedings in the district court. (ECF No. 160.)

At his resentencing hearing on August 13, 2012, Petitioner was sentenced to a term of two hundred forty (240) months imprisonment. (ECF No. 170.) Most recently, the Fourth Circuit reviewed Petitioner's appeal of his sentence on several grounds and affirmed the sentence concluding that the undersigned did not abuse her discretion in imposing Petitioner's sentence.

---

[1] Petitioner committed two of the offenses on the same date and was sentenced for both offenses on the same date.

(ECF No. 181 at 3-4.)  The Fourth Circuit further explained that the sentence imposed was a substantively reasonable within-Guidelines sentence.  *Id.*

On March 17, 2014, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence and alleged that he was provided ineffective assistance of counsel in violation of his Sixth Amendment rights.  (ECF No. 186.)  Petitioner alleges that his counsel failed to object to Petitioner being classified as a career offender at sentencing.  (*Id.*)  Moreover, Petitioner alleges that his counsel was ineffective because he failed to make an argument under *Alston* that Petitioner's common law robbery conviction was based on an *Alford* plea and Petitioner did not admit any of Respondent's proffered facts regarding the common law robbery.  (ECF No. 186-1.)  Additionally, Petitioner alleges that counsel never allowed him the opportunity to review the pre-sentence report.  (*Id.*)  Finally, Petitioner claims that his counsel only prepared for the sentencing hearing two days prior to it which Petitioner believes was inadequate time to provide effective assistance.  (*Id.*)

## STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence.  *See* 28 U.S.C. § 2255.  The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.  *Id*.  A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence.  *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958).  In ruling

on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.  28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a 'fundamental defect' resulting in a 'complete miscarriage of justice.'" *Davis v. United State*s, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962).  An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action.  *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir, 1999); *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).  Moreover, the Fourth Circuit has recognized that a defendant, once convicted, will be inclined to second-guess his attorney's strategy.  *United States v. Lurz*, 666 F.2d 69 (4th Cir. 1981).  As the court has opined, "it would be grossly unfair to the trial counsel to fault his representation without having in the record some statement from him. Courts must be equally vigilant to protect counsel from the unfair imputation of professional neglect as to assure to the defendant effective representation."  *United States v. Mandello*, 426 F.2d 1021, 1023 (4th Cir. 1970).

To be eligible for habeas corpus relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in *Strickland v. Washington* (1984).  *See Strickland v. Washington*, 466 U.S. 668 (1984).  First, the defendant must show counsel's performance was deficient. *Id*. at 687. Second, defendant's counsel's performance was so deficient that it fell below an objective standard of reasonableness. *Id.* at 687-88.  Furthermore, a convicted defendant making a claim of ineffective assistance must identify acts or

4

omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. Then, in light of all circumstances and keeping in mind that counsel's function is to make the adversarial testing process work in the particular case, the court must determine whether the identified acts or omissions were outside the wide range of professional competent assistance. *Id*. Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. Additionally, the court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*.

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *United States v. Morrison*, 449 U.S. 361, 364-65 (1981). The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. *Strickland,* 466 U.S. at 691-92. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Strickland,* 466 U.S. at 692. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding because almost every act or omission of counsel would meet that test. *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866-67 (1982). However, the Court has noted that not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland,* 466 U.S. at 693.

## DISCUSSION

Petitioner makes a series of merely conclusory statements alleging that his counsel provided ineffective assistance of counsel and that his counsel's ineffectiveness was so egregious

that it violated Petitioner's Sixth Amendment rights and prejudiced the proceedings against him. In reviewing the record, the court finds the Petitioner's statements are inconsistent with the record. For example, Petitioner's counsel objected to him being classified as a career criminal and argued that Respondent was overstating Petitioner's criminal record. (ECF No. 179 at 8.) Moreover, Petitioner's counsel urged the court to consider the significantly lower sentence of one hundred twenty (120) months imprisonment. (*Id*.)

As to Petitioner's claim that his prior convictions were based on *Alford* pleas, the court finds that Petitioner had three prior convictions that led to his classification as a career offender and none of the convictions reference Petitioner entering an *Alford* plea. (ECF No. 168 at ¶ 15-16, 18.) Nonetheless, an *Alford* plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011)(citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)). A trial court may accept an *Alford* plea when: (1) the defendant "intelligently concludes that his interests require entry of a guilty plea;" and (2) "the record before the judge contains strong evidence of actual guilt." *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007) (quoting *Alford*, 400 U.S. at 37). The government's proffer of the factual basis for an *Alford* plea may not be used to identify a prior conviction as a "violent felony" under the Armed Career Criminal Act. *United States v. Alston*, 611 F.3d 219, 227 (4th Cir. 2010). However, the Fourth Circuit found that an *Alford* plea may be used to establish a prior conviction as a "crime of violence" under the federal guidelines. *United States v. King*, 673 F.3d 274, 281 (4th Cir. 2012). Specifically, a sentence imposed following an *Alford* plea qualifies as a "prior sentence" within the meaning of U.S.S.G. § 4A1.2. *Id*. at 283. Therefore, the use of these three convictions in classifying Petitioner as a career criminal was proper. Furthermore, pursuant to *United States v. King* (4th Cir. 2012), Petitioner's

three prior convictions could be used as predicate convictions for career offender purposes. Thus, the court finds that Petitioner has not demonstrated a reasonable probability that the result of the proceedings would have been different, but for his counsel's alleged unprofessional errors in Petitioner being classified as a career offender. *See Strickland,* 466 U.S. at 694.

For the reasons stated above, the court does not find that Petitioner's counsel provided ineffective assistance of counsel. Accordingly, Petitioner's motion seeking relief pursuant to 28 U.S.C. § 2255 due to ineffective assistance of counsel is **DENIED** with prejudice.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
July 29, 2014